# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-10498
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 28, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

FELICIANO SOTO-LUGO, also known as Feliciano Soto, also known as
Feliciano Lugo, also known as Alex Lugo,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CR-530-1

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Feliciano Soto-Lugo appeals the within-Sentencing-Guidelines sentence
of 51-months' imprisonment, imposed in connection with his guilty-plea
conviction for illegal reentry after deportation, in violation of 8 U.S.C.
§ 1326(a), (b)(1). At sentencing, Soto urged a sentence at the bottom of the
Guidelines sentencing range; but, the court imposed, *inter alia*, a prison

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5th Cir.
R. 47.5.4.

sentence in the middle of the range.   Soto challenges the procedural reasonableness of his sentence, asserting the district court did not provide sufficient reasons for rejecting his bases for the lower sentence.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

But, because Soto did not raise this procedural-error issue in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).  (Soto claims such an objection was not required, but acknowledges our precedent requires one.  He raises this point only to preserve it for possible further review.)

Under the plain-error standard, Soto must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

At sentencing, the district court heard Soto's bases for a lower sentence including his ties to the United States, his reduced risk of reentering based on his children's ages, and his plan to work upon return to Mexico.  During the hearing, the court expressed its concern over Soto's underrepresented criminal

history. The court's statements at sentencing reflect it believed a sentence at the bottom of the Guidelines range would not be adequate.

Even if the district court "might have said more", the record makes clear the court considered "the evidence and arguments", and its statement of reasons for the sentence imposed was "legally sufficient". *Rita v. United States*, 551 U.S. 338, 358–59 (2007); *see also United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009) (stating the reasons must be sufficient to permit the appellate court to conduct a meaningful review). Therefore, Soto has not shown the requisite clear or obvious error with respect to the adequacy of the reasons for the sentence imposed. *See Puckett*, 556 U.S. at 135.

AFFIRMED.